UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAVID MCCLURE ROWE,

    Plaintiff,

v.                                         Case No:   3:16-cv-1532-J-DNF

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff, David McClure Rowe, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), the parties filed legal memoranda setting forth their respective positions, and Plaintiff filed a reply brief to Defendant's memorandum. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200,

1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

**C. Procedural History**

Plaintiff filed an application for SSI on October 26, 2012, alleging a disability onset date of December 1, 2011. (Tr. 387). Plaintiff's application was denied initially on February 1, 2013, and upon reconsideration on October 16, 2013. (Tr. 217-20, 221-23). Plaintiff requested a hearing and, on May 28, 2014, an administrative hearing was held before Administrative Law Judge Brendan F. Flanagan ("the ALJ"). (Tr. 43-99). On September 25, 2014, the ALJ entered a decision finding that Plaintiff was not under a disability since the application date. (Tr. 192-209). Plaintiff filed a request for review and, on January 28, 2015, the Appeals Council remanded the case for further evaluation of Plaintiff's mental impairments.

A supplemental hearing was held before the ALJ on October 8, 2015. (Tr. 100-64). On March 17, 2016, the ALJ entered a second decision finding that Plaintiff was not under a disability since his application date. (Tr. 20-41). Plaintiff requested review of the second decision, but this time, on October 20, 2016, the Appeals Council denied review. (Tr. 2-7). Plaintiff initiated this action by filing a Complaint (Doc. 1) on December 13, 2016.

**D. Summary of the ALJ's Second Decision**

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 26, 2012, the application date. (Tr. 26). At step two, the

ALJ found that Plaintiff had the following severe impairments: paranoid schizophrenia, psychosis, intellectual disability, asthma, and substance use disorder. (Tr. 26). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 26).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform medium work as defined in 20 CFR 416.967(c) with the following limitations: The claimant is able to lift/carry 50 pounds occasionally and 25 pounds frequently; stand/walk for six hours in an eight-hour workday; sit for six hours in an eight-hour workday; and perform unlimited pushing and pulling. The claimant must avoid concentrated exposure to fumes, odors, dust, and gases. He is able to perform simple, routine, and repetitive tasks. He is limited to occasional changes in the work setting with occasional interaction with public and co-workers. In addition, he is unable to meet fast-paced, high production demands.

(Tr. 30). At step four, the ALJ found that Plaintiff had no past relevant work. (Tr. 33).

At step five, relying on the testimony of a vocational expert, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 34). Specifically, the ALJ found that Plaintiff was capable of performing such jobs as kitchen helper, cook helper and floor waxer. (Tr. 34). The ALJ concluded that Plaintiff had not been under a disability since October 26, 2012, the date Plaintiff's application was filed. (Tr. 35).

**II.    Analysis**

Plaintiff raises two issues on appeal: (1) whether the ALJ erred by failing to properly evaluate Plaintiff's intellectual disability under Listing 12.05C; and (2) whether the ALJ erred by

failing to adequately account for all of the practical effects of Plaintiff's mental impairments in the RFC finding. (Doc. 16 p. 4).

The Listings of Impairments describe, for each major body system, impairments that the SSA considers disabling regardless of age, education, and work experience. 20 C.F.R. § 404.1515(a). An individual is disabled if her impairment "meets" a Listing (satisfies all of the criteria of the listing) and meets the duration requirement. *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002) (citing 20 C.F.R. § 404.1525(a)-(d)).

Listing 12.05 provides in relevant part:

> Intellectual disability: intellectual disability refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period, i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> . . .
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation on function [.]

20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05. The introductory material to the mental disorders listing clarified Listing 12.05, stating:

> The structure of the listing for intellectual disability (12.05) is different from that of the other mental disorder listings. Listing 12.05 contains an introductory paragraph with the diagnostic description for intellectual disability. It also contains four sets of criteria (paragraphs A through D). If your impairment satisfies the diagnostic description in the introductory paragraph and any one of the four sets of criteria, [the Commissioner] will find that your impairment meets the listing.

20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00A. Therefore, a claimant must show that his impairments meet all of the criteria listed both in the introductory paragraph of Listing 12.05C and in subsection

C. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, §§ 12.00A, 12.05. To be considered for disability benefits under section 12.05, a claimant must (1) have a valid verbal, performance, or full scale IQ of 60 through 70; (2) a significant work-related limitation on function; and (3) deficits in adaptive behavior which manifested before age 22.

Plaintiff argues that the ALJ erred by failing to properly evaluate whether Plaintiff met Listing 12.05C. Specifically, Plaintiff argues that the ALJ improperly rejected the Full Scale IQ score of Agency examining psychologist Dr. Maierhofer, who found Plaintiff had a full scale IQ of 69 that meets Listing 12.05C's first requirement. (Doc. 16 p. 6-7). Plaintiff contends that the ALJ made no finding with respect to Plaintiff's deficits in adaptive functioning, having discontinued his analysis after finding that the IQ test in this case was invalid. (Doc. 16 p. 12).

In response, Defendant argues that the ALJ properly determined that Plaintiff did not meet Listing 12.05C because the lone IQ score in the record was not valid and because Plaintiff failed to demonstrate the requisite deficits in adaptive functioning. (Doc. 17 p. 5). Defendant argues that substantial evidence supports the ALJ's determination that Dr. Maierhofer's IQ assessment was not valid. (Doc. 17 p. 7).

In his decision, the ALJ determined that Plaintiff did not meet a listing under any paragraph in Listing 12.05. The ALJ explained:

> Here, the evidence of record does not show the claimant meets "paragraph A," "paragraph B," "paragraph C," or "paragraph D" of Listing 12.05 as will be discussed in more detail below. In summary, the only evidence of borderline functioning is a full scale IQ score of 69 given by Consultative Examiner Richard Maierhofer in 2013 (Exhibit 4F). The undersigned gives this score little weight because the claimant "put forth limited effort into parts of the testing" and Dr. Maierhofer noted that the scores "appeared somewhat low given his previous employment, education and having a driver's license" (Exhibit 4F). Furthermore, the claimant's education history does not definitively show deficits in adaptive functioning before age 22. The evidence regarding the claimant's education history is mixed, with Exhibits 2F and 4F noting he was in

> regular classes, but the claimant testified he "may" have mistakenly told the examiner that he was in regular classes. Notwithstanding his education, the claimant has past work as a router, a semi-skilled position, which shows significant adaptive functioning. Further, he testified that he passed his driver's license test on the first attempt, albeit with some "help" (Testimony).

(Tr. 27).

In this case, the Court finds that remand is appropriate because substantial evidence does not support the ALJ's rejection of Dr. Maierhofer's IQ score finding. While the ALJ cited Dr. Maierhofer's statement that Plaintiff put forth limited effort into parts of testing as a basis to reject the validity of the IQ score, the ALJ failed to acknowledge that Dr. Maierhofer expressly stated that his evaluation findings were valid and that Plaintiff was not a malingerer. Dr. Maierhofer stated in his psychological report that Plaintiff was "not seen as malingering or promoting his problems and the evaluation was valid." (Tr. 529). Further, Dr. Maierhofer noted that while Plaintiff was "at times, vague and [] put limited effort into parts of the testing . . .[t]he overall evaluation was seen as valid." (Tr. 529). The Court agrees with Plaintiff that if the ALJ was concerned with an apparent inconsistency with Dr. Maierhofer's opinion, then he should have sought to resolve this deficiency or insufficiency via medical evidence. As it stands, the ALJ improperly rejected Dr. Maierhofer's evaluation results by substituting his lay opinion.

In addition, the Court finds that the substantial evidence does not support the ALJ's consideration of the issue of whether Plaintiff had deficits in adaptive behavior which manifested before age 22. The ALJ notes that Plaintiff's past work as a router, a semi-skilled position, shows significant adaptive functioning. (Tr. 27). The ALJ, however, fails to mention that this work did not constitute past relevant work and that Plaintiff was unable to maintain the position, injuring himself by cutting off a portion of his finger. (Tr. 68-70).

On remand, the ALJ is directed to re-evaluate whether Plaintiff meets or equals Listing 12.05C in accordance with this Opinion and Order. As the ALJ's re-evaluation at step three may obviate the need for an RFC finding, the Court defers at this time from addressing Plaintiff's arguments concerning the ALJ's errors in formulating the RFC.

**III. Conclusion**

The decision of the Commissioner is **REVERSED AND REMANDED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on February 21, 2018.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties